Paul J. Garrick, OSB #82475
Staff Attorney
FRED LONG, TRUSTEE
P.O. Box 467
Eugene, OR 97440-0467
Telephone: (541) 343-1556

Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re ) Case No. 11-60112-fra13
)
CLARENCE J. SWING and ) TRUSTEE'S OBJECTION TO
LAURA SWING, ) CONFIRMATION; AND
) MOTION TO DISMISS
Debtors. )
_____ )

FRED LONG, Trustee, objects to confirmation of the debtor's chapter 13 plan dated January 12, 2011 (Docket No. 2). The reasons for objection are:

1. **<u>Status.</u>** The undersigned recently received a phone call from the debtors' son, asking whether the debtors need to file a modified plan in light of Northwest Community Credit Union's withdrawal of objection to confirmation (Docket No. 49; 6/22/11). I explained that I could not give legal advice to the debtors (or their son). The trustee has not previously filed an objection to confirmation because he assumed that the debtors would file a modified plan. Since that assumption may now be in doubt, the trustee files this objection to make clear why, in his view, the present plan cannot be confirmed.

2. **<u>Feasibility.</u>** A chapter 13 plan must be completed within five years. 11 U.S.C. § 1322(d). According to the proof of claim filed by Homecomings Financial (Claim No. 6; 6/1/11), the arrearage is $37,810. Paragraph 2(b)(1) of the plan estimates the arrearage at $12,913. The plan is not feasible if the creditor is correct. The current plan includes a $40,000 "best interest number," *see* P.4, below, which makes the feasibility problem even worse.

**Page 1 of 2 - TRUSTEE'S OBJECTION TO CONFIRMATION;
AND MOTION TO DISMISS**

3. Paragraph 1(a) of the plan states that the debtors will pay $392 per month to the trustee. Per paragraph 2(b)(1), the payments to the secured creditors also total $392 per month. This will not work. The trustee's compensation is paid from the plan payments (plan, P.2(a)). The debtors must pay approximately $425 per month to the trustee, in order that there will be $392 available to pay out to creditors.

4. **"Best interest of creditors test."** Paragraph 2(g) of the plan states that the "best interest of creditors" number is $40,000, which means that <u>unsecured</u> creditors must receive at least that amount (or be paid in full, whichever is less) under the plan. The debtors must file a modified plan, if they believe that it is appropriate to reduce the "best interest number."

5. **Paragraph 4: current mortgage payments.** Paragraph 4 of the plan requires the debtors to make their regular, postpetition mortgage payments. The creditor's motion for relief from stay (Docket No. 18; 3/31/11) asserts that postpetition payments are not current. The debtors' response (Docket No. 30; 4/21/11) asserts that the creditor does not have a lien on the property, and lacks standing to file a motion for relief from stay. The plan cannot be confirmed until this dispute is resolved.

6. **Northwest Community Credit Union.** The credit union withdrew its objection to confirmation because it "is no longer a creditor of [debtors] and does not need to be included in the Chapter 13 Plan." According to its objection to confirmation, the credit union was owed $4,565 on the date this case was filed. The trustee requests that the debtors provide a written explanation as to why the credit union is no longer a creditor. If the debt was paid postpetition, the trustee requests documentation regarding the source of funds used to pay the debt.

7. **Motion to Dismiss.** The trustee moves the court for an order dismissing this case.

                                            FRED LONG, TRUSTEE

                                        By: /s/ Paul J. Garrick  
                                               Paul J. Garrick, OSB #82475  
                                               Staff Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2011, I served a copy of the foregoing TRUSTEE'S OBJECTION TO CONFIRMATION; AND MOTION TO DISMISS by mailing a copy of this document by United States first class mail, postage prepaid, and addressed to the following:

> Clarence J. Swing and Laura Swing
> 17479 Hwy 62
> Eagle Point, OR 97524

FRED LONG, TRUSTEE

By: /s/ Paul J. Garrick
    Paul J Garrick, OSB #82475
    Staff Attorney